UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DEBORAH SCROGGINS,

              Plaintiff,

      - against -

RENEE SCROGGINS, VALERIE JEAN
SCROGGINS, and SOUL JAZZ RECORDS,
LTD/UNIVERSAL SOUND,

              Defendants.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

09 CV 5735 (RJD) (LB)

DEARIE, District Judge.

      This is a copyright dispute among three sisters who, according to the complaint, co-wrote and performed songs together in the 1980s. All three sisters proceed pro se. Deborah Scroggins alleges that she co-authored the songs' words and music with her sisters, Valerie and Renee, and her co-authorship entitles her to share in the royalties. Deborah also sues a record company, Soul Jazz, for copyright infringement based on two albums of the sisters' performances released around 2006.

      Renee moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and for failure to join indispensable parties under Rule 12(b)(7). Valerie moves to dismiss because she "was never responsible for any of the contractual and/or financial negotiations" for the band. V. Scroggins Mot. Dismiss at 1. Soul Jazz moves to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6). For the reasons stated below, the Court grants Soul Jazz's motion to dismiss the complaint. The Court denies Valerie's motion, Renee's 12(b)(2) motion, and Renee's 12(b)(7) motion, and refers the parties to mediation.

The Court assumes the parties' familiarity with the allegations in the complaint, which are accepted as true for the purpose of the motions.

Scroggins sisters' motions to dismiss

Renee's motion to dismiss under 12(b)(2) fails because this Court has personal jurisdiction over her. To survive Rule 12(b)(2), a plaintiff must make a prima facie case of jurisdiction by alleging facts that would establish jurisdiction over the defendant. Penguin Group (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34-35 (2d Cir. 2010). The Court construes all facts in the light most favorable to the plaintiff. Id. at 34. Courts hold pro se complaints to "less stringent standards" than those drafted by lawyers (Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)), but pro se complaints must still meet procedural requirements (See Estelle v. Gamble, 429 U.S. 97, 107 (1976)). The Court applies the personal jurisdiction rules of the forum state, New York. Penguin Group, 609 F.3d at 35.

The Court has personal jurisdiction over Deborah's claim for an accounting against Renee, a Georgia resident, under the "transacting business" section of New York's long-arm statute. See N.Y. C.P.L.R. § 302(a)(1) ("transacts any business within the state or contracts anywhere to supply goods or services" in NY). Renee assigned her rights in the band's songs to BMI, an agency with headquarters in New York. R. Scroggins Resp. to Opp. at 3. BMI, in turn, licenses the band's songs to third parties and pays Renee royalties.[1] Cf. Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 213 (S.D.N.Y. 1995) (Sweet, J.) (finding § 302(a)(1) jurisdiction over foreign defendants who assigned rights to BMI to license to third parties); Greenky v. Irving Music, Inc., 1981 WL 1370, at *2 (S.D.N.Y. July 13, 1981) (Goettel, J.)

---

[1] Valerie, who lives in Pennsylvania, does not move to dismiss based on lack of personal jurisdiction. However, Valerie also licenses her authorship of the band's songs through BMI, so the Court's personal jurisdiction analysis for Renee applies to Valerie as well.

(same).  Deborah seeks an accounting of royalties for these same songs, alleging an adequate nexus between Renee's business with BMI and her claims.  See Linzer, 904 F. Supp. at 214.  Deborah alleges a prima facie case of personal jurisdiction over Renee.  See Vasquez v. Torres Negron, 434 F. Supp. 2d 199, 202 (S.D.N.Y. 2006) (McMahon, J.) ("transacting business" jurisdiction over foreign defendant who used NY-based composers' society to license songs).

Renee also moves to dismiss based on 12(b)(7) for Deborah's failure to join indispensable parties Ed Bahlman and the Scroggins' parents.  R. Scroggins Rep. to Opp. at 2-3.  Bahlman (the band's manager in the 1980s) and the Scroggins' parents are not indispensable under Rule 19 because the Court can "accord complete relief among [the] existing parties" and neither Bahlman nor the Scroggins' parents "claim[] an interest relating to the subject of the action."  See Fed. R. Civ. P. 19(a).  Therefore, the Court denies Renee's motion.

Valerie moves to dismiss on the grounds that she "was never responsible for any of the [band's] contractual and/or financial negotiations" and "Deborah's apparent focal point is the supposed dealings between [Deborah] and Renee."  V. Scroggins Mot. Dismiss at 1-2.  As Deborah's co-author, Valerie may be liable to Deborah for back royalties.  See Davis v. Blige, 505 F.3d 90, 100 (2d Cir. 2007).  In any event, Valerie's factual assertion has no bearing on a motion to dismiss.  The Court denies Valerie's motion to dismiss.

Soul Jazz's motion

Soul Jazz moves to dismiss plaintiff's infringement claim and state law claim for commercial misappropriation of her likeness under Rule 12(b)(6).  To avoid dismissal under 12(b)(6), plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Kitchen v. Phipps Houses Group of Cos., 380 Fed. Appx. 99, 100 (2d Cir. 2010) (quoting Bell

Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007)) (affirming dismissal of pro se plaintiff's complaint).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  In assessing plaintiff's claims, the Court relies on the facts and allegations in her complaint, including any public records and any attached or incorporated documents.  Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

Plaintiff alleges that her co-authorship of the words and music for the band's songs entitles her to royalties.  See Compl. at 1-2.  Deborah neither claims sole authorship nor disputes that Renee properly licensed the band's songs to Soul Jazz based on Renee's co-authorship.  Deborah does not challenge the validity of Soul Jazz's license.  "[A] licensee is not liable to a non-licensing co-owner for use authorized by the license, because the licensee's rights rest on the license conveyed by the licensing co-owner."  Davis, 505 F.3d at 100; see also Nimmer on Copyright, § 6.12(c).  As an alleged co-owner of certain songs, Deborah can seek her share of royalties from Renee, but not from Soul Jazz.  See id., § 6.12(c)(3) ("A licensee has no duty to account to the joint owners of a work other than to the particular joint owner who is his licensor . . . .").  Deborah cannot state a plausible infringement claim against Soul Jazz.

Plaintiff's privacy claim against Soul Jazz for using band photographs on its CDs also fails.  Compl. at 2; Aff. of D. Scroggins ¶¶ 9, 32-35.  The pertinent New York statute prohibits using a person's portrait without permission but exempts using musicians' photographs on licensed albums: "nothing contained in this article shall be so construed as to prevent any person . . . from using the name, portrait, or picture of any . . . artist in connection with his . . . musical . . . productions which he has sold or disposed of with such name, portrait or picture used in

connection therewith." N.Y. Civ. Rights Ch. 6 §§ 50-51. Soul Jazz was entitled to use photographs of the Scroggins sisters' band in connection with its license to release the band's albums. "Upon obtaining the license to arrange the issuance of commercial recordings of plaintiff's live concert, defendant was entitled to use plaintiff's name and picture in connection with those recordings." Cook v. Cantor, 167 A.D. 2d 276, 277 (N.Y. App. Div. 1990) (dismissing § 50 claim against defendant for use of musician's name and photograph related to sale of licensed album). Therefore, Deborah cannot state a plausible privacy claim against Soul Jazz.

For the reasons stated above, the Court denies Renee's motion to dismiss under Rule 12(b)(2); denies Renee's motion under 12(b)(7); and denies Valerie's motion. The Court grants Soul Jazz's motion under Rule 12(b)(6). In the end, this is a most unfortunate dispute among siblings, which is likely best resolved under the experienced and sensitive eye of a mediator. Accordingly, the plaintiff's remaining claims are referred to mediation.

SO ORDERED.

Dated: Brooklyn, New York
       August 3, 2012                          s/ Judge Raymond J. Dearie
                                               _____
                                               RAYMOND J. DEARIE
                                               United States District Judge